**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRIAN BONNER,

        Petitioner,                                       Case Number: 17-CV-12111

v.                                                         HONORABLE SEAN F. COX

MARK MCCULLICK,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT; (2) DENYING CERTIFICATE OF APPEALABILITY; AND (3) DENYING PETITIONER'S MOTION TO AMEND AND TO STOP DESTRUCTION OF HABEAS FILINGS**

Petitioner Brian Bonner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time he filed his petition, Petitioner was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. Since that time, Petitioner has been unconditionally discharged from prison. Respondent has filed a motion to dismiss the petition on the ground that the matter fails to satisfy the "case or controversy" requirement. The Court grants the motion and dismisses the petition.

**I.**

In 2002, Petitioner pleaded guilty in Wayne County Circuit Court to unarmed robbery. On December 23, 2002, he was sentenced to one to fifteen years in prison. He was released on parole in 2012. Petitioner was subsequently arrested and charged with

several parole violations. The petition claims that the Michigan Parole Board failed to discharge Petitioner from his parole term prior to the date of the alleged violations and improperly revoked his parole.

Respondent has filed a motion to dismiss on the ground that the petition is moot. Petitioner has not filed a response to the motion.

## II.

### A.

Respondent has filed a motion to dismiss on the ground that, because Petitioner has been discharged from custody, the petition is moot. The Michigan Department of Corrections' Offender Tracking Information System (OTIS) indicates that Petitioner was discharged from custody on January 9, 2018. The Court is permitted to take judicial notice of information on OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Where a habeas corpus petitioner challenges a conviction pursuant to which the petitioner is no longer incarcerated, collateral consequences sufficient to satisfy the case or controversy requirement will generally be presumed. *Sibron v. New York*, 392 U.S. 40, 55 (1968).

However, the Supreme Court has declined to extend this presumption of collateral consequences to parole revocations. *Spencer v. Kemna*, 523 U.S. 1, 12-14 (1998). Instead, the Court requires a petitioner to demonstrate the existence of actual collateral consequences where a petitioner challenges a parole revocation but has completed the sentence imposed upon revocation. *Id.* at 13-14. The Supreme Court has found a petitioner's claims that he may suffer detriment in future parole proceedings or that the parole may affect the petitioner's employment prospects or future criminal sentences to be insufficient to prove collateral consequences. *Id.*

Petitioner is no longer incarcerated pursuant to a parole revocation and has not shown that he suffers from continuing collateral consequences of the parole revocation. Accordingly, his claims are moot and his petition shall be dismissed.

**B.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)

3

(citation omitted). In this case, the Court concludes that reasonable jurists would not find the Court's holding that no justiciable case or controversy exists to be debatable or wrong. Accordingly, the Court denies a certificate of appealability.

## C.

Finally, Petitioner filed a "Motion to Amend Warden Caption and Motion to Stop Destruction of Habeas Filings, Habeas Research, Evidence ..." The motion asks the Court to amend the case caption to reflect a different warden. Because Petitioner is no longer incarcerated or under supervision of the Michigan Parole Board, the Court finds amendment of the case caption unnecessary. Petitioner also asks the Court to direct the Michigan Department of Corrections to stop destroying his legal materials and alleges that he has been physically assaulted in retaliation for filing a habeas corpus petition. A state prisoner challenging a condition of confinement should file a claim under § 1983, not under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). These claims are not properly raised in a habeas corpus petition. Therefore, this motion will be denied.

## III.

For the foregoing reasons, Respondent's Motion to Dismiss Petition as Moot (Dkt. 21) is **GRANTED** and a certificate of appealability is **DENIED**.

Petitioner's "Motion to Amend Warden Caption and Motion to Stop Destruction of

Habeas Filings ..." (Dkt. 15) is **DENIED.**

**SO ORDERED.**

Dated: September 13, 2018              s/Sean F. Cox
                                       Sean F. Cox
                                       U. S. District Judge


I hereby certify that on September 13, 2018, the foregoing document was served on counsel of record via electronic means and upon Brian Bonner via First Class mail at the address below:

Brian Johnnie Bonner
397095
420 W. Mount Hope
Lansing, MI 48911


                                       s/J. McCoy
                                       Case Manager